# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1905
LT Case No. 2021-CF-000502

_____

RANDALL MACKENZIE BROCK,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Putnam County.
James R. Clayton, Judge.

Matthew J. Metz, Public Defender, and Natalie R. Gossett, Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Allison L. Morris, Assistant Attorney General, Daytona Beach, for Appellee.

August 23, 2024

PER CURIAM.

Appellant, Randall Brock, appeals from an order of revocation of probation. The State correctly concedes error on the limited basis that the trial court failed to make findings as to whether Brock, as a violent felony offender of special concern, posed a danger to the community when imposing Brock's sentence of thirty-six months in prison. *See* § 948.06(8)(e), Fla. Stat. (2023);

*see also Barber v. State*, 207 So. 3d 379, 383–85 (Fla. 5th DCA 2016). Accordingly, we reverse and remand with instructions for the trial court to make the required findings as to whether Brock poses a danger to the community and to resentence him accordingly.[1] *See Singh v. State*, 135 So. 3d 1136, 1136–37 (Fla. 5th DCA 2014); *see also Barber*, 207 So. 3d at 386. In all other respects, we affirm the revocation of probation order.

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

LAMBERT, KILBANE, and MACIVER, JJ., concur.

---

[1] Typically, upon making a finding that a violent felony offender of special concern poses a danger to the community, the trial court would be required to revoke that defendant's probation and sentence him or her up to, or beyond, the statutory maximum, as permitted by law. *See* § 948.06(8)(e)2.a. However, because the trial court previously sentenced Brock to thirty-six months in prison, while it may again impose that sentence, it may not impose a sentence exceeding thirty-six months in prison. *See Singh*, 135 So. 3d at 1137 n.1.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____